IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK04-41872 |
| | ) | A04-4080 |
| NATHAN WILLIAM LUTZ, | ) | CH. 7 |
| | ) | |
| _____Debtor(s)._____ | ) | |
| CHRISTINE WEHRLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| NATHAN WILLIAM LUTZ, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Trial was held in Lincoln, Nebraska, on December 5, 2005, regarding Filing No. 1, complaint to determine dischargeability and objection to discharge, filed by the plaintiff. Arend Baack appeared for Christine Wehrle. Nathan William Lutz did not appear.

In this adversary proceeding, the plaintiff has filed a complaint objecting to the dischargeability of certain obligations owing to her pursuant to § 523(a)(2)(A) of the Bankruptcy Code and has also requested that the defendant be denied a discharge pursuant to §§ 727(a)(2) and 727(a)(4) of the Bankruptcy Code. Defendant was originally represented by counsel who participated in the filing of a preliminary pretrial statement. However, thereafter, counsel was authorized to withdraw and the debtor did not appear for trial.

At trial the plaintiff presented the testimony of Christine Wehrle and numerous items of documentary evidence, plus two depositions and a transcript of the Section 341 meeting conducted by the trustee of the bankruptcy estate of Nathan Lutz.

I find the following facts:

Plaintiff and defendant at one time lived together and are the parents of one child. During their relationship, they purchased a 1997 Chevrolet Tahoe which was titled jointly. However, the vehicle was financed by a loan solely in the name of the plaintiff.

At some point, the defendant decided to purchase another vehicle and to use the 1997 Chevrolet Tahoe as consideration for the vehicle. He requested that plaintiff obtain a release from the lender, Wells Fargo Bank, so that he could trade the vehicle. He promised that the newly purchased vehicle would become collateral for the bank and that he would provide the title so that the lien of the bank could be noted upon it. He also promised to make all payments on the loan.

Based upon the promises of the defendant, the plaintiff did arrange to have the lien released and delivered the title to the defendant with her signature affixed. The defendant did trade

the vehicle, but did not deliver the title to the new vehicle so that a lien could be noted.  As a result, Wells Fargo Bank insisted that the plaintiff pay off the original note, which she did.

The defendant, who then had a vehicle free and clear of liens, managed, over a period of less than three months, to trade that vehicle and others several times, each time putting the title to the new vehicle into his own name.  By making such trades, he actually received several thousand dollars.  He continued to trade more valuable vehicles for less valuable vehicles and the used car dealers would pay him the difference.  As a result, he obtained value in the form of the vehicles and cash, but did not pay the plaintiff the amount she was out for paying Wells Fargo Bank.

The plaintiff sued the defendant in state court and approximately a week later, on the same day as he made one of the trades, he filed his Chapter 7 bankruptcy petition.  In the schedules he did not list the plaintiff as a creditor.  He did not list any of the vehicle transactions that had taken place within the three months prior to the filing of the bankruptcy case.  He did not list any of the money that he had received for the trades.

At the Section 341 meeting, the defendant testified under oath that all of the transactions were legitimate and the vehicles, if titled at all, were titled in the name of his new girlfriend.  He denied any ownership interest in any of the vehicles.

The plaintiff filed this adversary proceeding following the Section 341 meeting.  After the complaint was filed, the debtor amended his schedules and statement of affairs to indicate one or more of the transactions.

I find as a fact that the defendant intentionally and fraudulently induced the plaintiff to obtain a release of the lien on the jointly titled vehicle and to affix her signature to the title of such vehicle with the promise that the new vehicle to be obtained would have the lien of Wells Fargo Bank noted upon it and that he would pay the loan.  All of such representations were false and the defendant did obtain property in the form of one or more vehicles, and money in the form of payments from the used car dealers, directly as a result of the false representation and actual fraud.

To establish fraud within the context of 11 U.S.C. § 523(a)(2)(A), the plaintiff must show, by a preponderance of the evidence, that: (1) the debtor made a representation; (2) the representation was made at a time when the debtor knew the representation was false; (3) the debtor made the representation deliberately and intentionally with the intention and purpose of deceiving the creditor; (4) the creditor justifiably relied on such representation; and (5) the creditor sustained a loss as the proximate result of the representation having been made. Universal Bank, N.A. v. Grause (In re Grause), 245 B.R. 95, 99 (B.A.P. 8th Cir. 2000) (citing Thul v. Ophaug (In re Ophaug), 827 F.2d 340, 342 n.1 (8th Cir. 1987), as supplemented by Field v. Mans, 516 U.S. 59 (1995)). In Field v. Mans, the Supreme Court held that § 523(a)(2)(A) requires justifiable reliance, in which "[j]ustification is a matter of the qualities and characteristics of the particular plaintiff, and the circumstances of the particular case, rather than of the application of a community standard of conduct to all cases." Id. at 71 (citing the Restatement (Second) of Torts § 545A cmt. b (1976)).

When assessing the debtor's knowledge that the representation was false, the court must consider the debtor's knowledge and experience. Merchants Nat'l Bank v. Moen (In re Moen), 238 B.R. 785, 791 (B.A.P. 8th Cir. 1999) (citing In re Duggan, 169 B.R. 318, 324 (Bankr. E.D.N.Y. 1994)). The knowledge requirement can be satisfied with a finding that the debtor recklessly

disregarded the truth by making the false representation under circumstances where he should have known it to be false. Id.

"The intent element of § 523(a)(2)(A) does not require a finding of malevolence or personal ill-will; all it requires is a showing of an intent to induce the creditor to rely and act on the misrepresentations in question." Moen, 238 B.R. at 791 (quoting Moodie-Yannotti v. Swan (In re Swan), 156 B.R. 618, 623 n.6 (Bankr. D. Minn. 1993)). "Because direct proof of intent (i.e., the debtor's state of mind) is nearly impossible to obtain, the creditor may present evidence of the surrounding circumstances from which intent may be inferred." Id. (quoting Caspers v. Van Horne (In re Van Horne), 823 F.2d 1285, 1287 (8th Cir. 1987)). The intent to deceive will be inferred when the debtor makes a false representation and knows or should know that the statement will induce another to act. Id. (quoting Federal Trade Comm'n v. Duggan (In re Duggan), 169 B.R. 318, 324 (Bankr. E.D.N.Y. 1994)).

Concerning the request for a denial of a discharge under 11 U.S.C. § 727(a)(2) and (4), I find the following facts:

The debtor, by filing inaccurate schedules, concealed his ownership interest in one or more vehicles. The testimony of both car dealers was that the vehicles they transferred to the defendant were actually sold to the defendant, not to any other party, including his new girlfriend. They also testified that vehicles received from him in the transfers were titled in his name. The defendant testified that he did not have any of the vehicles titled in his name and, if they were titled at all, they were titled in the name of his girlfriend. That testimony by the defendant is in the transcript of his Section 341 meeting. His testimony is not believed and the testimony of the used-car dealers is found to be much more credible on the issue.

I further find that the debtor's schedules as originally filed were inaccurate in that they did not list any interest in any of the vehicles and did not list any of the transfers. In addition, the debtor did not bother to amend the schedules to either acknowledge the existence of a claim by the plaintiff or the various transactions concerning the motor vehicles until after this complaint was filed. He made a false oath both when filing the original petition and schedules and when testifying under oath at the Section 341 meeting.

Section 727(a)(2) of the Bankruptcy Code denies a debtor a discharge if he or she, with intent to hinder, delay, or defraud a creditor, transferred, removed, destroyed, mutilated, or concealed property of the debtor or property of the estate.

To succeed on a § 727(a)(2) claim, the creditor must establish by a preponderance of the evidence that the debtor committed the act complained of, resulting in transfer, removal, destruction or concealment of property belonging to the debtor or the estate, within the statutory time period, with the intent to hinder, delay or defraud a creditor or officer of the estate. Kaler v. Craig (In re Craig), 195 B.R. 443, 449 (Bankr. D.N.D. 1996).

Section 727(a)(4) of the Bankruptcy Code denies a debtor a discharge if, in or in connection with the case, he or she knowingly and fraudulently made a false oath or account; presented or used a false claim; withheld any recorded information regarding his or her property or financial affairs; or gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act.

A debtor's signatures, under penalty of perjury, on a bankruptcy petition, schedules of assets and liabilities, and the statement of financial affairs are written declarations which have the force and effect of oaths. <u>Jordan v. Bren (In re Bren)</u>, 303 B.R. 610, 613-14 (B.A.P. 8th Cir. 2004), <u>aff'd in part, rev'd in part</u>, 122 Fed. Appx. 285 (8th Cir. 2005).

A false oath is material if it concerns the discovery of assets or the existence and disposition of estate property. <u>Ellsworth v. Bauder (In re Bauder)</u>, ___ B.R. ___, 2005 WL 3028243, at * 2 (B.A.P. 8th Cir. Nov. 14, 2005).

The plaintiff has successfully met all of the requirements under the subsection of 11 U.S.C. § 523 and under the two subsections of 11 U.S.C. § 727.  Therefore, judgment shall be entered in favor of the plaintiff and against the defendant in the amount of $11,841, plus interest at the federal judgment rate from March 12, 2004.  Furthermore, such judgment is not dischargeable in this or any other bankruptcy case.  Finally, the defendant is denied a discharge of all of his debts because of his violations of 11 U.S.C. § 727(a)(2) and (4).  Separate judgment shall be entered.

SO ORDERED.

DATED this 12th day of December, 2005.

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
        *Arend Baack
        Nathan William Lutz
        U.S. Trustee

Movant is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.